UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DEMOND LEONZA JACKSON** | **CIVIL ACTION NO. 19-0168** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA CORRECTIONAL CENTER** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Demond Leonza Jackson, a prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on January 16, 2019, under 42 U.S.C. § 1983.  He names OCC as Defendant.[1]  For reasons that follow, Plaintiff's claims should be dismissed.

**Background**

Plaintiff, a convicted prisoner who also faces pending charges, alleges that he was first incarcerated, under protective custody, at OCC on November 27, 2018.  [doc. #s 4, p. 4; 15, p. 1]. He cannot live in general population because members of his victim's family are incarcerated at OCC and pose a threat to him.  [doc. # 15, p. 1].

Plaintiff claims that OCC does not have a law library and that, consequently, OCC is depriving him of his right to study law pertaining to his "case."  [doc. # 4, pp. 4, 7].  He adds that OCC charges $5.00 for a book of stamps.  *Id.*

Plaintiff claims that his initial cell, Cell 113, was "very nasty," that he was not allowed to clean it, that he was not provided cleaning supplies, and that the cell contained gnats that bit him.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

*Id.* at 4-6. In an amended pleading, Plaintiff claims that he moved to Cells 172 and 161 around January 11, 2018. [doc. # 10-1, p. 1]. There, the showers are "molded very bad[,]" and the "facility never brings cleaning supplies." [doc. # 10, p. 3]. Spiders and other insects enter his cell through a hole in the wall, which forces him to "fill the hole with tissue paper to stop" them from entering. [doc. # 4, p. 6]. Plaintiff has "been sleeping on the same dirty bed linen for three weeks[,]" and there is dust "all over the floor and window." *Id.* He is only allowed to shower "every two days." *Id.* at 7. The facility only provides one "hotel-size soap," and "after that very small bar is gone it's over with." [doc. # 10-1, p. 1]. He also claims that "offenders only receive one roll of tissue paper every Sunday," and that "if offenders don't have funds . . . to purchase [more] from the commissary," they must "go in debt for $4.30 for a care pack." *Id.* at 1.

Plaintiff claims that he does not receive at least one hour each day out of his cell. [doc. # 4, p. 7]. He writes, "When they came for the yard it was 41 degrees outside, don't have the proper clothes [sic] . . . ." *Id.*

Plaintiff claims that the food he receives is cold. *Id.* The food sits inside food carts for thirty minutes to one hour before others serve it. [doc. # 10-1, p. 2]. He also claims that he is only allowed to use a telephone "every two days." *Id.* at 1.

Plaintiff claims that OCC will not allow him to practice his religion because he is "on protection of custody." [doc. # 4, p. 4]. He suggests that Chaplain Ross has not answered his request for a Bible and that other officers informed him that "they don't have Bibles." *Id.* at 6. In his initial pleading, he alleges that he has "not seen or heard church call yet." *Id.* In his first amended pleading, he claims that he is "not able to go to 'church' call outs . . . ." [doc. # 10-1, p. 1].

Plaintiff is concerned that OCC "mixes" protected custody prisoners with "disciplinary." [doc. # 4, p. 6].

Plaintiff claims that his "situation" has caused "stress, fear, loneliness, and uncertainty." [doc. # 10-1, p. 1]. He initially sought $350,000.00 and a transfer to either Richwood Correctional Center or Claiborne Detention Center. [doc. # 4-1, p. 4]. In his amended pleadings, he seeks $200,000.00 and a transfer. [doc. #s 10, p. 4; 15, p. 1].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of

the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Ouachita Correctional Center**

Plaintiff names OCC as the only defendant.[3] Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Here, OCC does not qualify as a juridical person. Accordingly, Plaintiff's

---

[3] The undersigned previously informed Plaintiff that OCC does not qualify as a juridical person and that Plaintiff should therefore amend and name the person who allegedly violated his constitutional rights. [doc. # 14].

5

claims against it should be dismissed.

### 3. Compensatory Damages

Plaintiff seeks $200,000.00 in compensatory damages. [doc. #s 10, p. 4; 15, p. 1]. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff claims that his "situation" has caused "stress, fear, loneliness, and uncertainty." [doc. # 10-1, p. 1]. Plaintiff does not allege that he suffered any physical injury as a result of any of his claims. Thus, even assuming he named a proper defendant, Plaintiff may not recover compensatory damages for any mental or emotional injuries. As Plaintiff seeks only a transfer—which, as discussed below, the Court cannot grant—and compensatory relief for mental or emotional injuries, his claims should be dismissed for failure to state claims on which relief can be granted.

### 4. Transfer

Plaintiff asks the Court to transfer him to a different facility. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL

3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, his request for a transfer should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Demond Leonza Jackson's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of April, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE